STATE USE OF WILLIAM CLARKE, *vs.* ALEXANDER MCKEE, ADM'R. OF BENJAMIN B. WALLS.—*June,* 1841.

A settlement in writing, acknowledging a sum due for the county paper of the year 1835, made by the deputy of the county collector for that year, is *prima facie* proof against a security of such collector on his official bond, and is evidence, that the collector had collected and received such money.

APPEAL from *Prince George's* County Court.

This was an action of *debt,* instituted on the 25th September 1837, by the appellant against the appellee, on the bond of *Thomas M. D. Baden,* the appellee's intestate, and others, under the following condition:

"The condition of the above obligation is such, that of the above bound *T. M. D. Baden,* shall well and faithfully execute his office, and the several duties required of him by law, and shall well and truly account for, and pay to the justices of the levy court or their order, the several sums of money which he shall receive, or be answerable for by law, at such time as the law shall direct, then the obligation to be void, &c."

After the declaration and plea of general performance, the plaintiff replied, that at the time of making the writing obligatory aforesaid, and thereafter, the said *Thomas M. D. Baden* was collector of the county charges and public assessments, imposed by law on the inhabitants of said county, and that before the making of said writing obligatory, to wit, on the eighth day of July in the year eighteen hundred and thirty-five, there was allowed by the *levy court* of said county, unto sundry citizens of said county, or other divers sums of money for divers services, &c., amounting in the whole to the sum of one hundred and twenty-two dollars and thirteen cents, which said sums had by the persons thereto entitled, been transferred and assigned to the said *William Clarke,* in the endorsement of the writ issued in this cause mentioned, whereof the said *Thomas M. D. Baden,* as collector aforesaid, afterwards, that is is to say, on the day and year aforesaid, at the county aforesaid, there had notice, and the said State, by its said attorney, further in fact saith, that after the said sums of money had been

transferred to him in manner aforesaid, to wit, on the nineteenth day of July in the year of our Lord eighteen hundred and thirty-seven, a certain *John R. Baden* of said county, the duly authorised agent of the said *Thomas M. D. Baden*, as collector aforesaid, in this behalf accounted together with the said *William Clarke*, of and concerning the said sums of money, and on that accounting, the said *Thomas M. D. Baden* as collector aforesaid, was found indebted to the said *William Clarke*, in the sum of $122.13, and the said *Thomas M. D. Baden*, as collector aforesaid, being so found indebted to the said *William Clarke*, in the said sum of, &c., the said *Thomas M. D. Baden*, as collector aforesaid, in consideration thereof, afterwards, that is to say on, &c., at, &c., in consideration thereof, undertook and promised the said *William Clarke*, to pay him the said sum of, &c., when he should be thereto afterwards requested, and the said State by its said attorney, further in fact saith, that the said several sums of money, so as aforesaid allowed by the justices of the *levy court* of said county, were assessed, laid and imposed on the inhabitants of said county, and the said *Thomas M. D. Baden*, as collector aforesaid, was required by the duties of his office by reason of the premises, to collect and receive the same for the use of the said *William Clarke*, to whom the same had been transferred and assigned as aforesaid, and so forth; and the said State by it said atttorney further saith, that although the said *Thomas M. D. Baden*, as collector aforesaid, after making the said writing obligatory aforesaid, and before the issuing of the writ original of the said State in this cause, did collect and receive the said sums of money amounting as aforesaid, to the sum of one hundred and twenty-two dollars and thirteen cents current money, assessed, laid out and imposed as aforesaid, yet the said sums of money or any part thereof, although thereto often requested, he the said *Thomas M. D. Baden*, to him the said *William Clarke*, hath not rendered or paid, but hath hitherto altogether refused, and still doth refuse to render or pay the same, or any part thereof and this, &c.

To this replication the defendant rejoins, that the said

*Thomas M. D. Baden*, did not collect and receive for the use of the said State, the several sums of money in the said replication mentioned, nor any part thereof, in manner and form as, &c., and this he prays may be enquired of by the country, and the said State in like manner, &c.

At the trial of this cause, the plaintiff to maintain the issue joined on his part, proved to the jury by competent testimony, that *John R. Baden* was the deputy collector of *Thomas M. D. Baden*, the principal in the bond on which this suit is brought, who was the collector of the county levies for the year 1835, and that as such deputy, he frequently settled claims against the county, due to the said witness as the agent and deputy of said collector. That after such settlements and liquidation of claims against the county by said deputy, the said *Thomas M. D. Baden*, as collector aforesaid, was in the habit of paying the sums so admitted to be due by the said deputy in such settlements, thus recognizing the authority of the said deputy, to come to such liquidations. He further proved by a competent witness, who was acquainted with the handwriting of the said deputy, that his signature to the following paper is his genuine handwriting.

$122.13.        On demand, I promise to pay *William Clarke*, or order, one hundred and twenty-two dollars and thirteen cents, with legal interest from date, it being for county paper for the year 1835.    *July 19th*, 1837.

JOHN R. BADEN, *Deputy Collector.*

And the said plaintiff further proved by the attorney who instituted the present suit, that after the said paper was put in his hands for collection, he showed the same to the said collector, who promised as collector, to pay the amount thereby admitted to be due; that he thinks this promise was made before the suit was brought, but is confident, that similar promises were made after the institution of the suit, and the plaintiff insisted, that this proof, if believed by the jury, was sufficient to entitle him to a verdict against the defendant; that if presented, a *prima facie* case of indebtedness to the plaintiff on the part of the said *Thomas M. D. Baden*, as collector

aforesaid, which unless rebutted by the defendant, entitled the plaintiff to recover upon the official bond of the collector, sued on in this action; but the court (STEPHEN, C. J., and KEY, A. J.,) upon the prayer of the counsel for the defendant, were of opinion, and so instructed the jury, that the evidence so offered on the part of the plaintiff, did not authorise a recovery against the defendant as administrator aforesaid, the said *Walls*, his intestate having only executed said bond as a surety. The plaintiff excepted.

And the verdict and judgment being against him, he brought this appeal.

The cause was argued before ARCHER, DORSEY, and CHAMBERS, J.

By T. F. BOWIE and J. JOHNSON for the appellants, and
By C. C. MAGRUDER and PRATT for the appellees.

CHAMBERS, J., delivered the opinion of this court.

The grounds of the decision are, that the paper offered, with the oral testimony, had a direct influence on the issue, which was, whether the collector had "collected and received" the money mentioned in the replication. It was admissible evidence, and might be made by the jury the foundation of a verdict. It was as competent as evidence against the surety, as it would have been against the principal. The agency of the deputy had not ceased, but was in fact afterwards recognized by his principal.

The court in effect decided against this *prima facie* evidence, that the jury *must* find for the defendant, and in that, the court erred. There is no other question which can be raised in this case.

JUDGMENT REVERSED AND PROCEDENDO AWARDED.